**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
LOWELL THOMAS LAKIN,                    )
                                        )
        Plaintiff,                      )
                                        )
             v.                         )   Civ. Action No. 11-594
                                        )        (EGS)
UNITED STATES DEPARTMENT OF JUSTICE     )
                                        )
        Defendant.                      )
_____ )

<u>MEMORANDUM OPINION</u>

Plaintiff Lowell Thomas Lakin has sued the United States Department of Justice ("DOJ" or defendant) alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552(a).  Pending before the Court is defendant's motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies.  In the alternative, the DOJ seeks summary judgment and asserts that there are no issues of material fact in dispute.  For the reasons set forth below, defendant's motion for summary judgment will be **GRANTED.**

**I.  BACKGROUND**

Plaintiff Lowell Thomas Lakin, who is currently incarcerated, sent a FOIA request on May 15, 2009 to the Executive Office for United States Attorneys (EOUSA) seeking records concerning himself.  Def.'s Statement of Facts ("Def.'s SOF") ¶ 1.  Specifically, plaintiff requested

> any and all records contained within your system of
> records which either pertains to me or makes any
> reference to me in any way.
> . . . .
> This request should be construed broadly to cover any
> and all records, whether generated by the United
> States Attorney for the Southern District of Illinois,
> or elsewhere, the Federal Bureau of Investigation,
> Homeland Security, or any other federal or State
> agency, whether specifically identified [by] me herein
> or not.

May 15, 2009 FOIA Request, ECF No. 11-4.

On September 8, 2009, EOUSA notified plaintiff that it was denying plaintiff's request because plaintiff had waived his right to request records pursuant to a February 24, 2008 plea agreement. Def.'s SOF ¶ 6. In that plea agreement, plaintiff stated that he "waive[d] all rights . . . to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitations, any records that may be sought under the [FOIA] or the Privacy Act of 1974 . . . ." Def.'s SOF ¶ 5. The EOUSA's letter informed plaintiff that he could file an administrative appeal with the Office of Information Policy (OIP) and that the appeal must be received within sixty days of EOUSA's September 8, 2009 letter. Def.'s SOF ¶ 7.

On November 17, 2009, OIP received a letter dated November 5, 2009 in which plaintiff sought to appeal the denial of his FOIA request. Def.'s SOF ¶ 8. On January 19, 2010, OIP

notified plaintiff that it was closing plaintiff's appeal as
untimely because the appeal was received ten days after the
deadline for the appeal.  Def.'s SOF ¶ 9.  On February 1, 2010,
plaintiff requested that the denial of his appeal be
reconsidered, and the OIP denied that request on April 8, 2010.
Def.'s SOF ¶ 10-11.

Defendant has moved to dismiss or, in the alternative, for
summary judgment, alleging that the complaint fails to state a
claim and that plaintiff has failed to exhaust his
administrative remedies.  Because the motion relies on materials
outside the pleadings, the Court will construe defendant's
motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(d).
The motion is ripe for the Court's decision.

**II.  STANDARD OF REVIEW**

Summary judgment may be granted if "the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a).  A genuine issue of material fact is one that would
change the outcome of the litigation.  *See Anderson v. Liberty
Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts
that might affect the outcome of the suit under the governing
law will properly preclude the entry of summary judgment.").  In
the event of conflicting evidence on a material issue, the Court
is to construe the conflicting evidence in the light most

3

favorable to the non-moving party.  *See Sample v. Bureau of Prisons*, 466 F.3d 1086, 1087 (D.C. Cir. 2006).  Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).[1] In a FOIA action, the Court may award summary judgment to the agency solely on the basis of information provided in reasonably detailed affidavits or declarations.  *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice,* 164 F.3d 20, 30 (D.C. Cir. 1998) (quoting *King v. Dep't of Justice,* 830 F.2d 210, 217 (D.C. Cir. 1987)).

## III. DISCUSSION

The DOJ seeks dismissal on the grounds that plaintiff has failed to exhaust his administrative remedies because he failed to timely appeal of the denial of his FOIA request.  Def.'s Mot. to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Br."), ECF No. 11, at 6.  Specifically, DOJ argues that plaintiff failed to comply with 28 C.F.R. § 16.9(a), which requires that an appeal of the denial of a FOIA request "must be received by the Office of Information and Privacy within 60 days of the date of the letter denying [the FOIA] request."  The

---

[1] Because plaintiff is proceeding *pro se*, the Court informed plaintiff of his obligation to respond to the statements of fact in a so-called "Fox/Neal" order on June 5, 2012.

regulation further states that a FOIA requestor must first
appeal a denial according to the above procedure if he intends
to seek judicial review.  *See id.* § 16.9(c).  Because
plaintiff's appeal was received ten days late, DOJ argues, it
was untimely.

A party seeking agency records under FOIA must comply with
the procedures set forth in the regulations promulgated by that
agency.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1257 (D.C. Cir.
2003); *Calhoun v. U.S. Dep't of Justice*, 693 F. Supp. 2d 89, 91
(D.D.C. 2010), *aff'd*, No. 10-5125, 2010 WL 4340370 (D.C. Cir.
Oct. 19, 2010).  When a FOIA request "is not made in accordance
with the published regulations, the FOIA claim is subject to
dismissal for failure to exhaust administrative remedies, as
'[t]he failure to comply with an agency's FOIA regulations [for
filing a proper FOIA request] is the equivalent of a failure to
exhaust.'" *Id.* (citing and quoting *West v. Jackson*, 448 F. Supp.
2d 207, 211 (D.D.C. 2006)); *see also Hidalgo*, 344 F.3d at 1259
("FOIA's administrative scheme favors treating failure to
exhaust as a bar to judicial review.").  Although the exhaustion
requirement under FOIA is not jurisdictional, judicial review is
precluded under FOIA as a jurisprudential matter because "'the
purposes of exhaustion' and the 'particular administrative
scheme' support such a bar." *Hidalgo*, 344 F.3d at 1259 (*citing
Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir.

1990)); *see also Oglesby*, 920 F.2d at 61-62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeals process before an individual may seek relief in the courts.") (citations omitted).  A FOIA requestor bears the burden of producing evidence of a proper appeal.  *See Schoneman v. FBI*, No. 04-2202, 2006 WL 1582253, at *11 (D.D.C. June 5, 2006) (citing *Bestor v. CIA*, No. 04-2049, 2005 WL 327323, at *4 (D.D.C. Sept. 1, 2005).

Here, plaintiff's appeal was received ten days after the sixty-day deadline had passed for the appeal of the EOUSA's denial of his FOIA request.  Defendant argues that plaintiff's complaint should therefore be dismissed because he failed to exhaust administrative remedies.  In support of this argument, defendant cites *Hamilton Sec. Group, Inc. v. HUD*, which held that an administrative appeal filed one day after the regulatory deadline did not constitute exhaustion of administrative remedies.  106 F. Supp. 2d 23, 27-28 (D.D.C. 2000).

In plaintiff's opposition to defendant's motion, plaintiff mainly argues the merits of his underlying FOIA request.[2]

---

[2] For example, plaintiff argues that his waiver in the plea agreement is not valid because the sentencing court "rejected" the plea agreement.  Pl.'s Opp., ECF No. 13, at 2.  Although these claims are not relevant to the outcome of the case, the Court has reviewed the docket from plaintiff's underlying criminal matter.  While it does appear that the sentencing court rejected an initial plea agreement, *see* Feb. 28, 2008 Plea Agreement, ECF No. 125, No. 07-30068 (S.D. Ill.), a subsequent

Plaintiff also concedes that defendant's recitation of the facts is "fairly accurate." Pl.'s Opp. at 3. Plaintiff contends, however, that the "prisoner's mailbox rule" renders his appeal timely. In this respect, plaintiff cites *Houston v. Lack*, which held that a *pro se* prisoner's notice of appeal from the denial of his motion for habeas corpus was deemed "filed" at the moment of delivery to prison authorities, rather than when it is received by the district court. 487 U.S. 266, 274-276 (1988). Plaintiff argues that his appeal to OIP should be deemed timely filed under this rule, though plaintiff does not make any representation regarding when he mailed his appeal.[3]

Plaintiff has not cited any cases in which this Circuit has applied the prisoner's mailbox rule to administrative appeals and it does not appear that the Circuit has expressly addressed the issue. Several other courts have considered the issue and

---

plea agreement was entered on August 18, 2008, *see* Aug. 18, 2008 Plea Agreement, ECF No. 144, No. 07-30068 (S.D. Ill.). That agreement included a FOIA waiver, *see id.* § V.5, and was accepted by the sentencing court on September 10, 2008, *see* Sept. 10, 2008 Tr., ECF No. 156, No. 07-30068 (S.D. Ill.).

[3] Plaintiff further contends that summary judgment should be denied because "the United States has . . . not asserted that Plaintiff did not deliver his appeal to the Office of Information Policy to the institutional mailbox on or before the 7th of November, 2009." Pl.'s Sur-reply, ECF No. 15, at 2. In this respect, plaintiff misunderstands the burden of proof in this case, which requires plaintiff to produce evidence of a proper appeal. *See Schoneman v. FBI*, 04 Civ. 2202, 2006 WL 1582253, at *11 (D.D.C. June 5, 2006) (citing *Bestor v. CIA*, 04 Civ. 2049, 2005 WL 327323, at *4 (D.D.C. Sept. 1, 2005).

have rejected the application of the prisoner's mailbox rule to administrative proceedings when precluded by a specific statutory or regulatory regime.  *See, e.g., Smith v. Conner*, 250 F.3d 277, 279 (5th Cir. 2001) (declining to apply prisoner's mailbox rule to untimely immigration appeal where INS regulation specifically provided that the date of filing is the date the appeal is received); *Nigro v. Sullivan*, 40 F.3d 990, 994 (9th Cir. 1994) (declining to apply prisoner's mailbox rule to untimely appeal where administrative regulations specifically defined the word "filed"); *contra Longenette v. Krusing*, 322 F.3d 758, 765 (3d Cir. 2003) (distinguishing *Smith* and *Nigro* and applying prisoner's mailbox rule to statute that did not expressly define "filed" as requiring actual receipt).

Here, the applicable regulation specifically states that an appeal of a FOIA request "must be *received* by the Office of Information and Privacy within 60 days of the date of the letter denying [the FOIA] request."  28 C.F.R. § 16.9(a) (emphasis added).  In *Houston*, the relevant statute provided that "no appeal shall bring any judgment . . . before a court of appeals for review unless notice of appeal is filed, within thirty days of entry of such judgment."  28 U.S.C. § 2107.  The statute in *Houston* did not define whether "filed" meant actual receipt by the court.  Because of this ambiguity, the Supreme Court created the prisoner's mailbox rule.  *See Longenette*, 322 F.3d at 765.

The Court finds that this case is similar to *Smith* and *Nigro,* both of which involved statutory or regulatory schemes that required receipt by a specific date, and is distinguishable from *Houston*.  The FOIA appeal regulation in this case specifically required that OIP receive the appeal within sixty days of the date of the September 8, 2009 letter.  Because the appeal was not received until November 17, 2009, plaintiff did not comply with the regulation.  Accordingly, the Court finds plaintiff failed to exhaust administrative remedies and his claim is not properly before this Court.

**IV.  CONCLUSION**

For the reasons stated above, the Court finds that plaintiff has failed to exhaust his administrative remedies. Accordingly, defendant's motion for summary judgment is **GRANTED** and plaintiff's complaint is **DISMISSED**.  An appropriate Order accompanies this Memorandum Opinion.

**SIGNED: Emmet G. Sullivan**
         **United States District Court Judge**
         **January 20, 2013**